IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| BOB DeWITT and PEGGY DeWITT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| SPARTA INSURANCE CO., and | ) | Jury Demand |
| ARTHUR J. GALLAGHER RISK | ) | |
| MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Bob and Peggy DeWitt ("DeWitts") hereby sue SPARTA Insurance Co. ("SPARTA") and Arthur J. Gallagher Risk Management Services, Inc. ("AJG").

## PARTIES

1. The DeWitts are citizens and residents of Knox County, Tennessee.

2. SPARTA is a Connecticut corporation, with its principal place of business in Hartford, Connecticut. This Court has personal jurisdiction of SPARTA pursuant to the Tennessee Long Arm Statute, T.C.A. §§ 20-2-214(1) and 20-2-223(1), by reason of transacting business in the State of Tennessee. Further, SPARTA is subject to the jurisdiction of this court by reason of SPARTA instituting litigation in the form of a Complaint for declaratory judgment against Defendants Red Rock, LLC, Sonic of Cleveland, #1860, LLC, and Mitch Elliott, Civil Docket No. 3:11-cv-13, seeking a

determination of lack of insurance coverage for casualty to property that the DeWitts own.

3. Arthur J. Gallagher Risk Management Services, Inc. is a foreign corporation with a principal address of Two Pierce Place, Itasca, Illinois 60143, and is domesticated in the State of Tennessee. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203. AJG conducts business in the State of Tennessee and has offices located at 200 Prosperity Drive, Knoxville, Tennessee 37923, as well as Nashville, Tennessee. This cause of action arises out of business transacted by AJG with Bob DeWitt, as well as Sonic of Cleveland #1860, LLC, and Mitch Elliott, and therefore AJG is subject to the jurisdiction of this Court pursuant to the Tennessee Long Arm Statute, Tenn. Code Annon. §§ 20-2-214(1) and 20-2-223(1).

## JURISDICTION AND VENUE

4. This court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the action is between citizens of different states, and the amount in controversy considerably exceeds the sum or value of $75,000.00.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this judicial district.

## CONSOLIDATION

6. This action involves common questions of both law and fact with another suit pending before this court, <u>SPARTA Insurance Co., Plaintiff vs. Red Rock, LLC, Sonic of Cleveland, #1860, LLC, and Mitch Elliott, Defendants, Counter-Plaintiffs and Third Party Plaintiffs, vs. Arthur J. Gallagher Risk Management Services, Inc., Third Party Defendant, Case No. 3:11-cv-13</u>. Accordingly, this action should be consolidated with Case No. 3:11-cv-13, because common questions of fact and law predominate in these litigations.

## FACTS

7. The Plaintiffs hereby incorporate by express reference the averments of the <u>Answer, Counter-Claim and Third-Party Complaint of Mitch Elliott, Sonic of Cleveland, #1860, LLC, and Red Rock, LLC, filed in Case No. 3:11-cv-13</u>.

8. The DeWitts are the owners of the Sonic Drive-in Restaurant at 1121 South Main Street, Cleveland, Georgia 30528, and the real property upon which said restaurant is located ("Restaurant"). Peggy DeWitt is named as a Plaintiff in this action as a result of her ownership interest in the Restaurant.

9. The Restaurant suffered catastrophic damage when portions of the parking lot suddenly collapsed on August 21, 2010, during a severe storm.

10. At the time of the storm and prior thereto, Arthur J. Gallagher Risk Management Services, Inc. ("AJG") had served as an insurance producer soliciting or negotiating applications for insurance with regard to the Restaurant as well as other properties doing business as Sonic Drive-In locations operated by individuals or entities which are not parties to this litigation. Prior to May 1, 2010, AJG had negotiated insurance coverage through a policy provided by Hudson Insurance Group ("Hudson"). The Hudson Policy provided coverage for the Restaurant from the period of May 1, 2009 through May 1, 2010. This policy was provided as part of a "Sonic Restaurant Program" and the Restaurant was covered under a Master Policy Number HQSR020001. Bob DeWitt was a named insured of the Hudson Policy by reason of his status as a Sonic franchisee. In 2010, however, the Sonic insurance program apparently replaced AJG with another broker prior to the renewal date for insurance coverage, i.e. May 1, 2010.

11. Notwithstanding the fact that the Sonic Restaurant program replaced AJG with another broker, AJG proposed that it continue to obtain insurance coverage for the Restaurant. A Vice-President of AJG communicated with Bob DeWitt prior to May 1, 2010, and represented that AJG would obtain property and liability insurance coverage for the restaurant providing the same coverages. Subsequently, on or prior to May 1, 2010, AJG presented a "Proposal of Insurance" addressed to Mitch Elliott, but delivered or sent to Bob DeWitt. The proposal contained an executive summary, premium summary and numerical values for the limits of certain types of coverage. However, no

4

copy of an insurance policy document was delivered at that time.  The executive summary states in pertinent part as follows:

> Arthur J. Gallagher has been the endorsed broker of the Sonic Insurance Program for the past 17 years.  We were extremely disappointed to recently learn that we were being replaced but are gratified that you would consider continuing the relationship we have established.
>
> Our proposal is underwritten by Sparta [*sic*] Insurance Company. . . . Sparta has been a strong market partner to Gallagher as our company utilizes Sparta for the McDonalds program we administer.
>
> Over time our organization has developed a solid understanding of the unique exposures of Sonic and has crafted our coverage structure accordingly.  We are confident the coverage terms and conditions <u>are as comprehensive as you will find in the marketplace</u> and the premiums outlined extremely competitive.
>
> Our administrative team knows and understands your organization and the way you want your business conducted. . . . <u>We are committed to continuing to provide you the same level of service you have come to expect from Gallagher.</u>  (emphasis supplied).

The above quoted representation was delivered to Bob DeWitt in his offices in Knoxville, Tennessee by SPARTA's agent and producer, AJG.

12. Pursuant to T.C.A. § 56-6-115(b), AJG is the agent of SPARTA, not the agent of the DeWitts.  Accordingly, the above quoted representations are imputed to SPARTA.  In the alternative, it is alleged that SPARTA has ratified said representations by acceptance of premiums paid for insurance coverage that, allegedly, is "as comprehensive as you will find in the marketplace."

5

13. The above quoted representations, as well as other assurances, were made by SPARTA's agent for the purpose of inducing reliance by the DeWitts to insure the Restaurant and property through SPARTA.

14. Bob DeWitt, the owner and lessor of the Restaurant and an insured under the Hudson Policy, was convinced by the proposals submitted by AJG and informed the lessee of the property, Mitch Elliott, that insurance should be procured by AJG.

15. The representations made by AJG were intended to and did convince Bob DeWitt that the coverage provided by SPARTA was equal to the coverage that had previously been furnished under the policy by Hudson, inasmuch as the coverage provided by SPARTA, presumably, was "as comprehensive as you will find in the marketplace". No copy of a policy of insurance was delivered to the DeWitts, Mitch Elliott, the lessee of the Restaurant, or to Sonic of Cleveland, #1860, LLC, until after claim was made for the loss that occurred to the Restaurant on August 21, 2010. Neither the lessees, nor the DeWitts, nor Sonic were advised at any time prior to the time claim was made for the loss, of the exclusions, terms and conditions, SPARTA now claims operate to deny coverage for the loss to the Restaurant.

16. SPARTA denied coverage for the loss and damages sustained by the Restaurant when a claim was made for payment.

17. The Hudson Policy which had provided coverage for the Restaurant from May 1, 2009 to May 1, 2010, did not contain the exclusions, conditions, and narrow coverage definitions, which SPARTA contends are a part of the Policy and which SPARTA claims exclude coverage for the loss which is the subject of this litigation. Instead, the Hudson Policy specifically did not exclude "landscape gardening, roadways and pavements" as covered property in the event of the loss. Further, the Earth Movement Endorsement of the Hudson Policy provided coverage for losses due to "any natural or man-made earth movement, including, but not limited to earthquake or landslide, <u>regardless of any other cause or event contributing concurrently or any other sequence of loss</u>." (emphasis supplied). There was no exclusion in the Hudson Policy for damage due to "subsidence (downward movement)of earth" nor was there any exclusion for "earth sinking (other than sinkhole collapse)." Nor was there exclusion under the Hudson Policy for damage due to "the action of water under the ground surface." In sum, the document now claimed by SPARTA to represent the applicable Policy does not provide the comprehensive coverage represented and provides coverage that is inferior and materially different than the Hudson Policy for losses such as those experienced by the DeWitts.

18. In accordance with the representations of its agent, producer and partner, and due to the failure to timely advise or provide information through its agent or otherwise communicate the existence of the terms, exclusions and conditions now

claimed to justify denial of insurance coverage for the subject loss, an implied contract was established between SPARTA, Mitch Elliott, Sonic of Cleveland, #1860 and the DeWitts. The implied contract establishes insurance coverage for the Restaurant, and property located at 1121 South Main Street, Cleveland, Georgia, on terms and conditions no less favorable to the DeWitts than the Hudson Policy which did not contain the exclusions, terms and conditions upon which Plaintiff now attempts to rely to justify denial of coverage for the subject loss.

19. In addition, due to the representations of its agent, producer and partner, AJG, as well as its own failure to provide information to correct any inaccurate representations, SPARTA is estopped to rely upon the exclusions, definitions, terms and conditions which it now claims exclude coverage and payment for the subject loss.

20. In addition, the DeWitts maintain that in accordance with the principles of equity this Court should reform the provisions of the Policy that SPARTA claims excludes coverage and liability for payment of the loss to the Restaurant in such a manner as to strike all provisions of the Policy, if applicable, that express exclusions, conditions or terms excluding coverage for the loss and damages sustained by the Dewitts.

21. Alternatively, failing the above, the DeWitts maintain that even if the terms, conditions and exclusions relied upon by SPARTA are applicable and controlling that, properly interpreted, such terms, conditions and exclusions do not provide a basis for

8

denying coverage and payment for all losses sustained by the DeWitts due to the storm of August 21, 2010 and, therefore, the DeWitts are entitled to recover for losses and damages to the property and for lost rental income due to the physical damage to the Restaurant. The DeWitts maintain that SPARTA has breached the implied contract of insurance established by the representations and conduct of its agent, producer and partner, as well as it own conduct, that it has breached any policy of insurance by which it is obligated to pay by reason of estoppel or by equitable principles justifying reformation of said Policy by failing to timely pay for insured losses in accordance with the implied contract and principles of estoppel and reformation. Due to a breach of contract by SPARTA by failure to pay for the losses sustained to the Restaurant additional consequential damages have been suffered, including additional costs of repair due to delay and deterioration, increased costs of reopening the Restaurant due to delay in lapse of time, lost business income, loss of gross earnings, and business interruption.

22. SPARTA, through the acts, conduct, representations, and knowledge of its agent, producer and partner, AJG, has violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq., in particular, §§ 47-18-104(b)(7), (12) and (27).

23. The representations made by AJG in its role as an insurance broker and agent as quoted in Paragraph 11 above were made by AJG recklessly without regard to the truth or falsity of said statements.

24. Alternatively, the representations made by AJG were made negligently, but still were made for the purpose of inducing reliance on the part of the DeWitts.

25. As a licensed professional insurance agent, broker and producer AJG has a duty to an insurance customer to use reasonable care and diligence in continuing previous insurance coverage with a renewal or replacement policy or by properly maintaining an existing policy. Moreover, such an insurance professional is also charged with an affirmative duty to notify the insurance customer if the insurance professional is unable to continue the previous coverage; and failure of the insurance professional to continue the previous coverage or to notify the customer that the professional is unable to do so subjects the insurance professional to liability.

26. The DeWitts relied upon AJG to properly discharge its duties by using reasonable care and diligence in continuing the previous insurance coverage or obtaining a renewal or replacement policy with comparable coverage.

27. AJG breached its duty to maintain comprehensive insurance coverage for the DeWitts by failing to use reasonable care and diligence in continuing comparable insurance coverage by obtaining a renewal or replacement Policy with equivalent coverage. Instead AJG through its principal and marketing partner, SPARTA, obtained coverage that SPARTA now claims is considerably narrower and more limited for losses such as those sustained by the DeWitts, than the coverage afforded by the

10

previous contracts. In fact, the coverage for events such as earth movement and flood, relied upon by SPARTA, are so confusing, limited, and subject to such strained definitions and exclusions so as to provide only illusory coverage, as a practical matter. Moreover, AJG further breached its duty of due care by failing to notify and inform the DeWitts of the detrimental changes in coverage due to the exclusions, terms and conditions now relied upon by its marketing partner, SPARTA.

28. SPARTA has failed to make any payment whatever for losses sustained by the DeWitts due to the catastrophic damage suffered to their property as a result of the storm of August 21, 2010. The DeWitts have sustained damages for the destruction of the property, cost of repair, diminished value of their property described above, consequential losses by failure of SPARTA to pay on a timely basis, including increased costs of repair and re-opening, and lost rental income all as a result of SPARTA'S failure to pay, AJG's misrepresentations, negligent misrepresentations, negligent breach of duty as described hereinabove.

29. Moreover, the DeWitts maintain that SPARTA and AJG violated the provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et. seq.*, in particular §§ 47-18-104(b)(7),(12) and (27).

WHEREFORE, Plaintiffs pray that:

1. This Complaint and action be consolidated pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure with the case styled *Sparta Insurance Company,*

11

Case 3:11-cv-00393-RLJ-HBG   Document 1   Filed 08/19/11   Page 11 of 13   PageID #: 11

*Plaintiff v. Red Rock, LLC, Sonic of Cleveland No. 1860, LLC, and Mitch Elliott, Defendants, Counter-Plaintiffs and Third Party Plaintiffs v. Arthur J. Gallagher Risk Management Services, Inc., Third-Party Defendant,* Case No. 3:11-CV-13, pending in the United States District Court for the Eastern District of Tennessee, Northern Division.

2. The Plaintiffs herein, Sonic of Cleveland No. 1860, LLC and Mitch Elliott be awarded judgment as their interests may appear against SPARTA and Arthur J. Gallagher Risk Management Services, Inc. for all damages and losses to the Restaurant at property located at 1121 S. Main Street, Cleveland, Tennessee sustained as a result of the storm loss and damages of August 21, 2010 in an amount in excess of $75,000.00;

3. That Plaintiffs, Sonic of Cleveland No. 1860, LLC and Mitch Elliott be awarded a judgment against SPARTA and Arthur J. Gallagher Risk Management Services, Inc., in the consolidated actions, as their interests may appear, for the full amount of all consequential damages sustained by reason of SPARTA'S failure to pay for the damage to the restaurant and property located at 1121 S. Main Street, Cleveland, Tennessee on a timely basis in an amount in excess of $75,000.00;

4. The Plaintiffs, Sonic of Cleveland No. 1860, LLC and Mitch Elliott, in the consolidated actions receive an additional judgment against SPARTA and Arthur J. Gallagher Risk Management Services, Inc., for reasonable attorneys fees and costs in accordance with Tenn. Code Ann. § 47-18-109(e)(1) and for an additional award of punitive damages and an award of three times the actual damages sustained in accordance

with Tenn. Code Ann. § 47-18-109(a)(3) in the event that it is determined that the defendants committed a willful or knowing violation of the Tennessee Consumer Protection Act; and;

5. The costs of this cause be assessed against the defendants and that the plaintiffs receive any and all additional general relief to which they may be entitled.

6. Plaintiffs hereby respectfully demand a jury to try this case.

Respectfully submitted,

ARNETT, DRAPER & HAGOOD

By: s/Jay W. Mader
    Jay W. Mader, BPR #016199

By: s/Thomas M. Cole
    Thomas M. Cole, BPR #001053
    **Attorneys for Defendants**
    **Red Rock, LLC, Sonic of Cleveland #1860**
    **LLC, and Mitch Elliott**

ARNETT, DRAPER & HAGOOD
P. O. Box 300
Knoxville, Tennessee 37901-0300
(865) 546-7000